08-5616-ag
Arumaichsothylingam v. Holder

BIA
A088 610 167

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges.*

————————————————————————————

EELAVENTHAN ARUMAICHSOTHYLINGAM,
> *Petitioner,*

> v.

08-5616-ag
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,*
> *Respondent.*

————————————————————————————

FOR PETITIONER:          Visuvanathan Rudrakumaran, New York, N.Y.

—————————

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:            Tony West, Assistant Attorney
                          General; Linda S. Wernery, Assistant
                          Director; Lindsay B. Glauner, Trial
                          Attorney, United States Department
                          of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Eelaventhan Arumaichsothylingam, a native and citizen of Sri Lanka, seeks review of an October 28, 2008, order of the BIA denying his motion to reopen his removal proceedings. *In re Eelaventhan Arumaichsothylingam*, No. A 088 610 167 (B.I.A. Oct. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Contrary to Arumaichsothylingam's argument that the BIA

2

improperly failed to consider his *prima facie* eligibility for asylum, we have articulated at least three permissible bases upon which the BIA may deny a timely motion to reopen, including: "(1) the movant's failure to establish a *prima facie* case of eligibility for asylum; (2) the movant's failure to . . . articulate material, previously unavailable evidence that would be introduced at a new hearing; or (3) a determination that even if the applicant were eligible, asylum would be denied in the exercise of discretion." *Cao v. United States Dep't of Justice,* 421 F.3d 149, 156 (2d Cir. 2005). Movants submitting material, previously unavailable evidence, bear the "heavy burden" of "demonstrating a likelihood that the new evidence presented would alter the result in the case." *Id.*

Here, the BIA reasonably found that Arumaichsothylingam failed to meet this "heavy burden." The county conditions evidence Arumaichsothylingam submitted with his motion to reopen did not materially differ from the evidence he submitted to the IJ; thus, the BIA reasonably found that this evidence would not alter the conclusions drawn by the IJ in this case. *Sanusi v. Gonzales*, 445 F.3d 193, 201 (2d Cir. 2006) (quoting *Matter of Coelho*, 20 I&N Dec. 464, 473

3

(BIA 1992). This conclusion was particularly appropriate given the IJ's prior determination that Arumaichsothylingam was entirely lacking in credibility. *Id.*

Finally, contrary to Arumaichsothylingam's assertion, he advanced no separate argument in his motion to reopen regarding his new eligibility for CAT relief. Accordingly, the BIA was under no obligation to conduct a separate analysis of his *prima facie* eligibility for that relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

We have considered Arumaichsothylingam's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4